Tricia Pagao HALUM, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 08–4078.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) May 13, 2010.

Opinion Filed: July 1, 2010.

Karamvir Dahiya, Esq., New York, NY,
Arnedo S. Valera, Esq., Law Offices of
Valera & Associates, Fairfax, VA, for Peti-
tioner.

Katharine Clark, Esq., Richard M. Ev-
ans, Esq., Thomas W. Hussey, Esq.,
Brooke M. Maurer, Esq., United States
Department of Justice, Washington, DC,
for Respondent.

Before: BARRY, WEIS and ROTH,
Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Petitioner Tricia Pagao Halum was or-
dered removed *in absentia*. Despite the
petitioner's assertion that she had not re-
ceived timely notice of the hearing, the
Immigration Judge denied her motion to
reopen the removal proceedings, and the
Board of Immigration Appeals affirmed.
We will grant the petition for review.

Petitioner entered the United States on
an H–1B work visa in December 2001.
Though a licensed registered nurse in her
home country of the Philippines with sig-
nificant experience in critical care and neu-
rosurgery, she worked as a nurse's aide at
various facilities upon her arrival in this
country until August 2002. During this
time, her employment was controlled by
her immigration sponsor, whom she now
accuses of human trafficking.

In August 2002, petitioner left her spon-
sor's employment and began working to-
ward obtaining the nursing credentials and
licensure necessary for employment as a

nurse in the United States. Some six months later, she retained an attorney to secure work authorization and adjust her status to permanent resident. The attorney was successful in obtaining a number of work authorization requests; however, petitioner was repeatedly denied permanent resident status.

On November 11, 2007, petitioner received a Notice to Appear for removal proceedings. The Notice, which had been sent to her previous address initially and forwarded to her current residence, did not specify the date or time of the removal hearing but instructed petitioner to notify the Immigration Court if her address had changed.

A Notice of Hearing, dated November 5, 2007, was mailed to petitioner at her old address. That Notice was returned as "not deliverable as addressed" and "unable to forward." It appears that petitioner never received it.

On November 16, 2007, five days after she received the Notice to Appear, petitioner filed an online change of address form with the U.S. Citizen and Immigration Services ("CIS"). By letter dated November 23, 2007, a Friday, the CIS acknowledged receipt of the change of address form and advised petitioner that her Immigration Hearing was to take place on Thursday, November 29, 2007. The CIS also noted, "We have updated your address. Your address now appears on your application or petition as the address shown above."[1] Petitioner asserts that she did not receive this notice—or any notice of her hearing date—until after November 29.

Petitioner was not present for the hearing on November 29, 2007, and the IJ on that day ordered her removed *in absentia*. Unaware of this development, petitioner telephoned the CIS in March 2008 to inquire about her case. One month later, the CIS advised her to appear for a follow-up appointment and instructed her to bring all paperwork related to her permanent residency status requests. When petitioner arrived at the CIS office on April 28, 2008, she was immediately arrested and taken to a detention center.

On May 6, 2008, the petitioner's attorney filed a motion to reopen the proceedings. The government opposed the motion because petitioner had "fail[ed] to include an affidavit supporting her claim that she did not receive notice of her removal hearing." The IJ denied the motion, and the BIA dismissed the petitioner's appeal, finding that she had failed to submit a change of address form to the Immigration Court. Petitioner timely filed for review before this Court.

A removal order entered *in absentia* may be rescinded at any time upon the filing of a "motion to reopen ... if the alien demonstrates that [she] did not receive notice" of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii). We review the denial of the motion to reopen for abuse of discretion. *Cabrera–Perez v. Gonzales*, 456 F.3d 109, 115 (3d Cir.2006).

Here, the BIA opinion overlooked the fact that the IJ never addressed the inadequate notice contention. In addition, the BIA concluded that petitioner "did not submit a change of address form ... to the Immigration Court prior to the" issuance of the removal order.[2]

---

1. This notation was apparently highlighted, causing the copy in the appendix to be almost totally obscured. Only through extensive technical work by the clerk's office were we able to read the quoted material. We caution

counsel for both parties on their obligation to the Court to provide legible material.

2. We therefore have jurisdiction to consider the BIA's *sua sponte* disposition of the claim

However, petitioner did submit a change of address form to the CIS, which ostensibly entered it into her case file prior to her removal hearing. That the CIS may not have notified the Immigration Court—or that the court failed to review the file—cannot justify the government's removal order *in absentia*. The government cannot rely on the lack of an affidavit when crucial evidence is present in its own records.

The record in this case reflects serious deficiencies with respect to notice, which should be addressed in the first instance by the immigration authorities. Accordingly, we will remand this matter to the BIA with instructions to remit the matter to the IJ for determination of the adequacy of the notice afforded petitioner and other matters raised in the deportation proceedings.

of inadequate notice. *See Lin v. Att'y Gen.,* 543 F.3d 114, 119–26 (3d Cir.2008) (Court of Appeals may consider issue not presented to BIA if BIA *sua sponte* ruled on issue).